DANIEL F. GUNN, plaintiff in error, *vs.* WILLIAM H. CAL-HOUN, defendant in error.

Where exception was taken to the judgment of the chancellor enforcing a decree of the court by attachment for contempt, and neither the record nor the bill of exceptions sets forth said decree, the judgment of the court below will be affirmed.

Practice in the Supreme Court. Equity. Bill of exceptions. Decree. Attachment. Before Judge HILL. Houston Superior Court. May Adjourned Term, 1873.

For the facts of this case, see the decision.

WARREN & GRICE, for plaintiff in error.

DUNCAN & MILLER; S. HALL, for defendant.

WARNER, Chief Justice.

This was a rule issued by the court, calling upon the defendant to show cause why he should not be attached for contempt in refusing to perform a decree rendered against him in an equity cause. The defendant filed his answer in writing but not under oath. There was nothing in the defendant's answer of which the court could take judicial notice. The decree sought to be enforced is not in the record before us, and we cannot know whether the court below erred or not in ordering an attachment to be issued against the defendant for contempt in failing to perform it. The legal presumption

is in favor of the action of the court until the contrary is made to appear. If the decree in the equity cause did not authorize the court to enforce it by attachment, as set forth in the record, it was incumbent on the plaintiff in error, who complains of the judgment, to show that fact by the production of the decree, which has not been done in this case.

Let the judgment of the court below be affirmed.